August 18, 2022

Senior District Judge Edward M. Chen
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom 5 – 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

   Re: Kim Lynch v. City and County of San Francisco, Case No. 3:21-cv-02932-EMC,
   Discovery Dispute

Dear Honorable Judge Chen,

  Plaintiff Kim Lynch, a former employee for the City and County of San Francisco ("CCSF" or the "City"), on April 20, 2021, filed a complaint in this Court against her former employer, CCSF, for nine causes of action, specifically Racial Discrimination, failure to prevent Racial Discrimination and Retaliation for Medical Whistleblowing – California Health & Safety Code § 1278.5. This letter concerns a discovery dispute over two depositions, the deposition of Grant Colfax and former CCSF employee Michael Brown and Plaintiff's request to Defendant for a two to four week discovery extension. Discovery closes in this case today, August 18, 2022.

## **Plaintiff's Request**

  Over the last 4 months, Plaintiff's counsel has corresponded via email with Defense Counsel Jessica Shafer regarding the depositions of Mr. Grant Colfax, Director of the Department of Public Health and Michael Brown, former Human Resources employee for the City and County of San Francisco.

  After several emails spanning over three months, on August 12, 2022 I, Angela Veronese met and conferred with Defense Counsel, Jessica Shafer regarding the deposition of Grant Colfax. I requested the courtesy of stipulating to a request for a two week discovery extension in order to amicably resolve the issue. As Ms. Shafer points out below, the meet and confer was not in person, Plaintiff's attorney, perhaps incorrectly, assumed that due to covid and that hearings and depositions are still via zoom and a phone conversation would be acceptable, for that I apologize. On August 15, I emailed Ms. Shafer asking for a response to my request for a joint stipulation requesting a discovery extension. In that same email, I stated that should she not stipulate to an extension, we would need to file a joint letter to the court. On August 16, 2022, in an email Ms. Shafer informed Plaintiff's counsel that she would not stipulate to a two week discovery extension and the City would not produce Mr. Colfax or Michael Brown for deposition. Trial counsel has concluded that no agreement can be reached. Today's request for a joint letter was not a surprise or a demand, in fact, I called Ms. Shafer today regarding this letter and accommodated her request for more time.
  The deposition of Grant Colfax: Plaintiff has requested dates for the deposition of Grant Colfax over 6 times. Defendants will not produce him and claim that as Director of Public Health," a City department with 8,000+ employees, who had very little, if any, actual contact with Ms. Lynch or her direct supervisors. He had no involvement in any employment decisions

made as to Ms. Lynch". Shafer email dated May 3, 2022. Furthermore, Ms. Shafer states in her email of August 16th, 2022, Plaintiff could have propounded interrogatories as opposed to a deposition. Plaintiff disagrees, given the allegations in this case and the discovery (document production) there was no need for more discovery and instead his deposition is the next logical step given Mr. Colfax's role in the City and his involvement with Plaintiff Lynch.

Plaintiff disagreed and informed Ms. Shafer, that Mr. Colfax has been mentioned several time in the documents associated with this case and that Mr. Colfax is a percipient witness to facts in Ms. Lynch's case. Ms. Lynch, Ms. Barros (v. CCSF) and Ms. Thornton (v. CCSF) met with Mr. Colfax in November of 2019. In that meeting the Plaintiffs complained of the racial discrimination in hiring, career opportunities, promotions and the treatment of African American patients at the Tom Wadell Clinic and the Health department in general. Plaintiff(s) asked Mr. Colfax to visit the clinic. Mr. Colfax visited the clinic in January 2020. Plaintiff Lynch was at Tom Wadell Clinic the day her toured the clinic, which was at her request. Mr. Colfax's testimony is relevant to Ms. Lynch's claims. Mr. Colfax is directly related to Plaintiff Lynch's claims.

As for the deposition of Michael Brown: Plaintiff has been informed by defendant that he has retired from the CCSF. He is directly involved in Plaintiff Lynch's case, Plaintiff met with Mr. Brown regarding the inequities and racial discrimination in hiring and with the patients at Tom Wadell Center and the City and County as a whole. Plaintiff has attempted unsuccessfully to find Mr. Brown and Defendant has not disclosed contact information Mr. Brown We believe this is in breach of the Defendant's obligations of disclosure under the Federal Rules. Plaintiff therefore requests a discovery extension and a supplemental disclosure with his last known contact information.

As for the two-to-four-week discovery extension, Plaintiff does not believe that a two week to four-week extension would prejudice the Defendant or the already set dates in this case. Dispositive motions are due October 6, 2022 and the trial date is February 21,2023.

### Defendant's Position

Plaintiff's counsel provided their portion of this letter brief to counsel for the City on August 18, 2022 at 11:16 a.m. and demanded a response by 3:00 p.m. on the same day. This lack of regard for counsel's time extends to the Court's schedule, as evident in Plaintiff's eleventh-hour request to alter the long-established, Court-set discovery cutoff deadline. For the following reasons, the City believes that the Court should deny Plaintiff's request.

**A.     Plaintiff Failed to Meet and Confer Per Judge Chen's Standing Orders.**

Section 4.a. of Judge Chen's Civil Standing Order on Discovery requires Plaintiff's counsel to meet and confer *in person* with counsel for the City before filing a letter brief. No such attempt was made by Plaintiff's counsel except for a surprise telephone call on August 12th. During this telephone call, counsel did not discuss their factual or legal positions regarding the depositions or the extension of the discovery cutoff deadline. The telephone call was treated by Plaintiff's counsel as a mere formality before shoving this request in front of the Court.

### B.   Plaintiff's Demand to Depose Dr. Grant Colfax, Director of the Department of Public Health, Is Intended to Harass Dr. Colfax and to Disrupt DPH Operations.

Plaintiff requests to depose Dr. Colfax, the Director of the Department of Public Health ("DPH"), which is composed of 8,000+ City employees. Plaintiff made no attempt to take his deposition until April 29, 2022, over a year after she filed suit. Not only is this a dilatory request, but it is one that should be barred by the apex doctrine.

To depose Dr. Colfax, a high-level government official, Plaintiff must show good cause that he has unique or superior knowledge of discoverable information. *See Doble v. Maga Life & Health Ins. Co.*, 2010 U.S. Dist. LEXIS 56190, *3-4 (N.D. Cal. May 18, 2010) (stating that the apex doctrine does not distinguish between company executives and government officials) (citing *Liberty Mutual Ins. Co. v. Superior Court*, 10 Cal. App. 4th 1282, 1287 ("The head of a large national corporation will generally not have knowledge of a specific incident or case handled several levels down the corporate pyramid. . . . '[A]pex' depositions such as the one in this case, when conducted before less intrusive discovery methods are exhausted, raise a tremendous potential for discovery abuse and harassment. . . . [F]ederal decisions recognize the potential for abuse and generally do not allow a plaintiff's deposition power to automatically reach the pinnacle of the corporate structure.")); *see also Chasom Brown v. Google, LLC*, 2022 U.S. Dist. LEXIS 113038, *8 (N.D. Cal. Apr. 4, 2022) (reversing a magistrate judge's order granting an executive level deposition on the grounds that the order did not consider whether the executive had "unique or superior personal knowledge" or address whether plaintiff had "exhausted all less intrusive means of discovery".).

Here, Plaintiff's letter fails to demonstrate good cause. In support of her request, Plaintiff cites to a single meeting that she and others had with Dr. Colfax. She admits, however, that they discussed, not Plaintiff's employment with the City, but the employment of African Americans and treatment of African American patients "in general." Plaintiff contends further that Dr. Colfax visited the Tom Waddell clinic at some unspecified point in time, but she fails to state whether she met with him personally on that day. Finally, she contends that Dr. Colfax is "mentioned several times in the documents associated with this case," but she fails to identify those documents. To the City's knowledge, the only documents on which Dr. Colfax appears are e-mail blasts sent by Plaintiff to City employees of all levels, to which Dr. Colfax did not reply. This does not amount to good cause.

Further, Plaintiff did not exhaust all less intrusive means of discovery with respect to Dr. Colfax. She has not deposed any other lower level DPH executive that may have attended the meeting with Colfax. She also ignored the City's offer to answer written interrogatories regarding her meeting with Dr. Colfax, his purported visit to the Tom Waddell clinic, and his inclusion on e-mails. Plaintiff's failure to conduct other discovery suggests that the true purpose of the requested deposition is to harass Dr. Colfax and to disrupt DPH operations.

We note finally that accommodating Dr. Colfax's schedule in the next two to four weeks may prove to be impossible as he addresses multiple crises presently impacting the DPH and the

City at large. For these reasons, trial counsel believes that no agreement on Dr. Colfax's deposition can be reached at this time.

C.  **Plaintiff Is Advised that Michael Brown, Former Director of Human Resources for the DPH, Is Retired from City Service.**

Plaintiff did not request to depose Michael Brown until July 13, 2022. The City immediately informed Plaintiff's counsel that Mr. Brown is retired from City service. The City reiterated this fact to Plaintiff's counsel on August 16th. At no point did Plaintiff's counsel request Mr. Brown's last known contact information. Plaintiff's failure to subpoena Michael Brown for deposition in advance of the discovery cutoff deadline was in no way caused by the City.

Thank you,

Angela Alioto
Angela M. Veronese
Attorneys for Plaintiff Kim Lynch


Gina Roccanova
Conor Dale
Jessica Shafer
Attorneys for Defendant City & County of San Francisco