United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM LYNCH, <br><br> Plaintiff, <br><br> v. <br><br> CITY & COUNTY OF SAN FRANCISCO, <br><br> Defendant. | Case No. 21-cv-02932-EMC <br><br> **ORDER RE DISCOVERY DISPUTE** <br><br> Docket No. 28 |

The parties filed a letter raising to the Court three disputes with regards to discovery: (1) Plaintiff's request to depose Grant Colfax, Director of the San Francisco Department of Public Health; (2) Plaintiff's request for disclosure of contact information and to depose Michael Brown, former employee for the City and County of San Francisco; and (3) Plaintiff's request to extend the fact discovery deadline, which expired on August 18, 2022, by two to four weeks. *See* Docket No. 28 ("Letter Br."). For the following reasons, the Court **DENIES** Plaintiffs' requests on each of the three issues.

1. Deposition of Grant Colfax: There is no dispute that Grant Colfax is the Director of San Francisco's Department of Public Health, a city department with over 8,000 employees. Letter Br. at 1. Given Mr. Colfax's high rank within a government agency, Defendant argues that the apex doctrine applies in order for Plaintiff to take Mr. Colfax's deposition. *Id.* at 3; *Green v. Baca*, 226 F.R.D. 624, 648 (C.D. Cal. 2005) ("Heads of government agencies in particular 'are not normally subject to deposition' absent extraordinary circumstances") (quoting *Kyle Eng. Co. v. Kleppe*, 600 F.2d 226, 231–32 (9th Cir. 1979)). Plaintiff does not dispute the applicability

of this doctrine to her request to depose Mr. Colfax.

"In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (citation omitted); *see also Coleman v. Schwarzenegger*, 2008 WL 4300437 at *2 (E.D. Cal. Sept.15, 2008) ("The extraordinary circumstances test may be met where high-ranking officials 'have direct personal factual information pertaining to material issues in an action,' and 'the information to be gained is not available through any other sources[.]'").

Here, even assuming Plaintiff has made a showing on the first prong, Plaintiff has not shown that she has even attempted to "exhaust[] other less intrusive discovery methods." *Id.* Indeed, Plaintiff concedes that she did not propound any interrogatories or otherwise seek information from Mr. Colfax, and, instead, summarily asserts that "there was no need for more discovery and instead deposition [of Mr. Colfax] is the next logical step." Letter Br. at 2. Plaintiff, thus, has not carried her burden to show that "she exhausted other less intrusive discovery methods," and, thus, has not satisfied the standard to an apex deposition of Mr. Colfax. Plaintiff's request for Court order to depose Mr. Colfax is **DENIED**.

2. <u>Deposition of Michael Brown</u>:  Plaintiff states that she was informed by Defendant that Mr. Brown retired from his employment with Defendant.  Plaintiff asserts that "Defendant has not disclosed contact information [for] Mr. Brown," Letter Br. at 1, but Plaintiff does not contest Defendant's representation that, "At no point did Plaintiff's counsel request Mr. Brown's last known contact information," Letter Br. at 4.  Plaintiff, furthermore, does not contest Defendant's representations that Defendant *immediately* informed Plaintiff that Mr. Brown retired from City service after receiving Plaintiff's deposition request on July 13, 2022, and that Defendant reiterated this fact to Plaintiff's counsel on August 16, 2022.  *Id.*  Plaintiff cites no authority for the proposition that Defendant has "breached [its] obligations of disclosure," by failing to unilaterally—sua sponte, without any request from

      Plaintiff—reveal the contact information of a former employee.  Letter Br. at 1.  Accordingly, the Court finds no basis to order Defendant to provide a supplemental disclosure with Mr. Brown's last known contact information.  The record does not indicate that Plaintiff's failure to subpoena Mr. Brown for deposition in advance of the discovery cutoff deadline was caused by Defendant.  Thus, Plaintiff's request with regards to Mr. Brown is **DENIED**.

3. <u>Extension of Fact Discovery:</u>  The deadline for fact discovery expired on August 18, 2022, the same date that the parties filed the instant dispute letter.  Plaintiff requests a 2-4 week extension of the cut-off date for fact discovery so that she can depose Mr. Colfax and Mr. Brown.  However, because the Court denies Plaintiff's requests as to those individuals, there is no need to extend the discovery deadline.  Thus, Plaintiff's request for extension is **DENIED**.

This order disposes of Docket No. 28.

**IT IS SO ORDERED**.

Dated: August 19, 2022

_____
EDWARD M. CHEN
United States District Judge